ANNIE KOUBA, Respondent, *v.* MARIA HORACEK, Appellant.

*Supreme Court, First Department, General Term, July 9, 1889.*

*Evidence. Diary.*—The opposite counsel, where a witness, in testifying, fixes the date of a visit, from an entry in his diary, has a right to inspect the book to see whether it is a diary or not, in what connection the entry was made, and whether any other entries of visits were contained therein ; and a ruling that the counsel could only inspect this single entry, is erroneous.

Appeal from a judgment entered on the decision of the court at special term.

*Abram Kling*, for appellant.

*Jas. A. Seaman*, for respondent.

VAN BRUNT, P. J.—The evidence in this case is of such a character as made it eminently proper that the issue as to the imbecility of John Horacek at the time of the conveyance in question, should have been tried by a jury. The defendant had no absolute legal right to such a trial; but upon such questions the judgment of a jury has always been considered much more satisfactory than the conclusion arrived at by a single mind, and in its discretion the court has usually sent such issues to a jury for trial.

In view, however, of a ruling made by the learned judge at the trial, it is not necessary for us to examine at length the evidence for the purpose of determining the question as to whether the conclusion arrived at on the trial upon the main issue should be sustained or not.

The husband of the plaintiff, one John R. Kouba, was being examined as a witness on behalf of the plaintiff for the purpose of proving that as early as the 26th day of

November, 1880, John Horacek was out of his mind, as the witness phrased it.

He states that on that. date he first made the plaintiff's (his wife's) acquaintance, and that it was then that he first called at the house at which she lived, and saw her father, John Horacek, and upon asking him "Are you the gentleman named Horacek?" he laughed, and the defendant coming out, she said he was the man. Upon the witness asking what was the matter with the gentleman, the defendant replied, "He is that way two years. She made a motion pointing to his head."

The witness further stated that after this interview he called there very often, and that he tried to talk to Mr. Horacek, but that he could not give him any answer, and only laughed. Further evidence was elicited from this witness tending to show weakness of mind upon the part of Mr. Horacek.

Upon cross-examination, this witness testifies as to how he came to go to Horacek's. He wanted some one to talk to, and he had heard of this Bohemian who had some tenement houses and a daughter. He says that the first time he went there, he did not think anything about the daughter, his mind being evidently engrossed by the tenement houses, and he further says he did not go there on account of the daughter; that the first time he went there he found Mr. Horacek in this condition, and he then kept on courting the daughter. The witness further stated that his memory was decidedly fresh upon the subject, although it was eight years ago at the time he was testifying. He says: "I fix the date of the twentieth of November as the first time I went there. I put it down in a book on the same day. I kept a diary only a few days." And upon being further pressed, he says he kept the diary for a few days after, and that he kept a book in which he put things down happening prior to the twentieth, and that he has the book and produces it and offered to show it to defendant's counsel, but

21

plaintiff's counsel objected, and the court sustained the objection holding that the counsel could only inspect this single entry.

In this we think there was error.  The witness had twice sworn that the first time he went to Horacek's it was the twenty-sixth day of November, 1880.  Then he states that he fixed the date as the twentieth of November when he went there, that he put it down in a book the same day, which was a diary he kept only for a few days.  The witness evidently intended to convey the impression that he remembered so well, because he had put it down in his diary on the same day.

The circumstances as to this diary were in themselves of the most suspicious character.  It was kept only for a few days, and yet this important entry happened to be found in it according to his story made at the time.  If this entry was not made at the time, it lost all weight, and the examining counsel had the right to inspect this book to see whether it was a diary or not, to see in what manner the entry in question was made, in what connection it was made, and whether any other entries of visits were contained therein.

In order to determine these facts, an inspection of more than the entry in question was absolutely necessary, and counsel could not be so restricted.  It is probably true that if he had inspected the book the counsel would have made it evidence, but he had the right to such inspection.  The evidence of this witness in regard to his diary, and the entry was not only suspicious, but in the highest degree improbable, and it would seem that the book had been gotten up for the occasion.  To deny the right of the examining counsel to demonstrate this fact by the book itself, which was done when his right of inspection was restricted to this one entry, was depriving him of the use of the most patent piece of evidence to discredit the testimony of this far from ingenuous witness.

If the record in this case as to the dates given is correct, there was another very pregnant circumstance as to this date. Twice before the entry of the diary is spoken of, the date of the first visit is testified to as the 26th day of November, 1880. When testifying in connection with the diary, the date is fixed as of the 20th day of November, a discrepancy perhaps trivial in itself but very important in connection with the decidedly fresh memory of the witness as to this date.

But even if the case is not correct as to this point, and it may be that the twenty-sixth was the date referred to throughout, if this so-called diary kept in this extraordinary manner recording this one visit, and apparently no other, had been inspected, it might have shown upon its face that the story of the witness was false, and the counsel had the right to see and judge for himself. The witness evidently, as has been said, based his memory upon this entry made at the time, and what foundation there was for this claim, the counsel was not permitted to see.

We think, therefore, that the ruling in question was erroneous ; that it deprived the defendant's counsel of a very important element in his cross-examination of this witness, which might have thrown discredit upon the whole of his testimony, and because of his relations to the plaintiff, upon the whole of the plaintiff's case.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide event.

DANIELS and BRADY, JJ., concur.